CLARA D. GRISWOLD, Appellant, v. WILLIAM L. BUECHLE, Respondent.

| 72 | 53 |
| 87 | 484 |

Kansas City Court of Appeals, November 1, 1897.

1. **Bills and Notes**: VENDEE OR INNOCENT PURCHASER. The vendee of an innocent holder of a promisory note takes the same with good title thereto although he is cognizant of fraud in its inception.

2. ———: PAYMENT OR PURCHASE: INSTRUCTIONS: HARMLESS ERROR. Instructions declaring the law as to whether a transaction between plaintiff and bank was a purchase or payment of a note in suit, are compared and though found to be somewhat inharmonious the error is *held* harmless and no ground for reversal.

*Appeal from the Buchanan Circuit Court.*—HON. H. M. RAMEY, Judge.

AFFIRMED.

*Casteel & Haynes* for appellant.

(1) Under this evidence a peremptory instruction should have been given to find for plaintiff. *Com'rs v. Bolles*, 94 U. S. 46; *Inhabitants Mont. Tp. v. Ramsdell*, 107 U. S. 431. (2) The instruction given by the court on its own motion is not the law, and if it was, there is no evidence to justify the giving of it. (3) The conflict between the instructions given by the court on its own motion, and the instruction numbered 2 given for plaintiff is apparent. Both of them can not be the law, and we think we can show that the one given for plaintiff states the law correctly. In that

instruction, conceding all contentions made by defendant, there is only one thing for the court to find in order for plaintiff's recovery, and that is that plaintiff bought the note in suit from the bank. *Bank v. Stanley*, 46 Mo. App. 440; *Craig v. Zimmerman*, 87 Mo. 282; *Cromwell v. County*, 96 U. S. 681. (4) Further the presumption of law is that plaintiff was the owner and holder for value. Where it is shown that a prior holder between plaintiff and defendant gave value in good faith before maturity, such intervening consideration will sustain plaintiff's title. *Com'rs v. Bolles*, 94 U. S. 46; *Inhabitants v. Ramsdell*, 107 U. S. 431.

*Stauber & Crandall* for respondent.

(1) This court will not review the weight of evidence in action at law. *Miller v. Breneke*, 83 Mo. 163; *McCartney v. Ins. Co.*, 45 Mo. App. 373; *Irwin v. Woodmansee*, 104 Mo. 403. (2) In this case the burden of proof was on plaintiff; and if there had been no evidence offered on behalf of defendant, the jury, or court sitting as a jury, could not have given a peremptory instruction. *Mayer v. Old*, 51 Mo. App. 214; *Patterson v. R'y*, 47 Mo. App. 570; *Schroeder v. R'y*, 108 Mo. 322. (3) In this case the only question of fact submitted to the court was submitted by appellants as well as by the court in its own instruction, viz., payment or purchase of the note and appellant can not complain. *Herman v. Owen*, 42 Mo. App. 387; *Harper v. Morse*, 114 Mo. 317; *Schmintz v. R'y*, 119 Mo. 256.

GILL, J.—This is a suit on a ninety day note for $500 executed by defendant in June, 1893, to a corporation known as the B. L. Griswold Music Company, and which said note was at its date sold and assigned to the German-American Bank of St. Joseph. A few

Griswold v. Buechle.

days before the note matured B. L. Griswold (who is the son of plaintiff) went to the bank and took up the note, paying therefor by his individual check. Plaintiff claims that in so doing the said B. L. Griswold was acting as her agent and that thereby she *purchased* the note and that it was not *paid*.

STATEMENT.

The answer is voluminous, and, as we think, contains much matter immaterial to the real issue. The defendant admits the execution of the note; alleges that a majority of the stock of the B. L. Griswold Music Company was at the date of the note owned by plaintiff and her son, B. L. Griswold, who had the entire management of the affairs of said corporation. The answer than proceeds to set up that the note was executed for stock in the corporation taken by defendant and that defendant was induced to subscribe therefor through and by the false and fraudulent representations of plaintiff and her son, B. L. Griswold; that they represented the corporation to be in a flourishing condition, was making money and had assets far in excess of all liabilities, whereas the same was to their knowledge then wholly insolvent. It was also further alleged that in addition to such false representations as to the financial condition of the corporation, the plaintiff, by the said Griswold, also stated that he and his mother desired to own such increased stock so issued to the defendant, and assured him (the defendant) that they would take up and pay off said note and that he would never be called on for the payment thereof, etc. That said note was taken by said Griswold Music Company and sold to the German-American Bank. That thereafter said B. L. Griswold in pursuance of his agreement went to the bank and paid off and satisfied said note. Wherefore it is claimed that plaintiff did

not purchase said note, and that the same was paid off and discharged in the manner above stated.

At the trial there was evidence tending to prove the different matters set up in defense—that said B. L. Griswold was the general agent of his mother, the plaintiff; that false representations were made by said B. L. Griswold and that defendant was thereby induced to subscribe for said stock and give the note in suit, and that said B. L. went to the bank and in fact *paid* the note in suit, in other words it was a payment and not a purchase. On the other hand plaintiff submitted testimony tending to prove there were no such false or fraudulent representations and that plaintiff was a purchaser of said note in good faith.

The court, sitting as a jury, found for defendant and plaintiff has appealed.

I. Plaintiff's counsel have urged a reversal under two heads. *First*, it is claimed that the judgment of the trial court is unsupported by any evidence and that a peremptory instruction for plaintiff ought to have been given.

BILLS and notes: vendee of innocent purchaser.

As clearly disclosed by the foregoing statement of facts which the testimony of defendant tended to prove, this contention is without merit. The turning point in the case is, whether or not in the transaction had between B. L. Griswold and the German-American Bank, the note was in fact *paid* or whether it was a *purchase* by said Griswold for his mother. It stands admitted by all parties that the bank held this negotiable note as a *bona fide* purchaser for value. In its hands then there was no defense; it had good title and might convey this to anyone—even to one having notice of the fraud in its inception. *Bank v. Stanley*, 46 Mo. App. 440. So then if the plaintiff, through her son, B. L. Griswold, or otherwise, had in fact bought the note from the bank, then she would take the bank's good

title and might recover thereon even though she might have known of fraud in its execution. But there was abundant evidence tending to prove that, when B. L. Griswold took up the note it was a *payment* thereof to the bank and not a purchase for himself or the plaintiff. If it was a payment, then it is immaterial whether. or not the note was procured in the beginning by fraud or otherwise; for if paid then it ceased to exist and no one could thereafter maintain an action thereon. This is the law as embodied in plaintiff's instruction number 2 and which the court gave:

"2. It is admitted in this case that defendant executed the note in controversy to the B. L. Griswold Music Company, and if the court, sitting as a jury, believes from the evidence that the German-American Bank bought said note for value and in good faith before its maturity from the B. L. Griswold Music Company, and that the same was indorsed by said company and delivered to the said bank, and that afterward plaintiff bought said note of the bank, then the finding must be for the plaintiff, although it may further appear from the evidence that B. L. Griswold, acting as the agent of the B. L. Griswold Music Company, procured the note by false and fraudulent representations and that he also acted as the agent of plaintiff in purchasing said note of the bank."

But defendant's counsel insist that the foregoing instruction is inconsistent with the following declaration of law given by the court of its own motion:

—: payment of purchase: instructions: harmless error.

"If the court sitting as a jury finds from the evidence that one B. L. Griswold was the general manager in charge of the business of the B. L. Griswold Music Company and that he fraudulently induced the defendant to subscribe for the stock mentioned in the evidence for which the note sued on was given as charged in the

answer, and that he indorsed and caused the note to be deposited in the German-American Bank as collateral security, or to raise money for the use of said music company, and that about the time of its maturity, in pursuance of a previous promise made to defendant to take care of said note, or for the purpose of inducing said bank to extend further credits or accommodations to said music company, paid off and took up said note by giving a check for the amount thereof on funds standing to his credit in said bank, and that there was no agreement between the bank and said B. L. Griswold that said bank was selling or transferring the note to the plaintiff, but that the note was given to said Griswold and the check received as a payment of the same, then plaintiff can not recover.''

It is true that these two instructions hardly occupy the same ground, and they may seem at first blush to be inharmonious. But it is quite clear that such apparent inconsistency could do the plaintiff no harm. The fault with the court's instruction is that it imposes on the defense more than the law requires; for, as already stated, the defense was complete if the fact be that the note was paid to, rather than purchased of, the German-American Bank, regardless of any fraud or misrepresentation in its origin. The same may be said as to the clause in the court's instruction requiring defendant to prove that ''there was no agreement between the bank and said B. L. Griswold that said bank was selling or transferring the note to plaintiff.'' This clause might have well been omitted. To defeat the action it was enough to show that B. L. Griswold went to the bank and paid the note. This of itself would involve the denial of an agreement to purchase.

It seems the plaintiff had a fair trial; and as no substantial error appears in the record the judgment will be affirmed. All concur.